UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                               DECISION AND ORDER

                                                                                 09-CR-6046L

                  v.

LUTHER DIXON,

                              Defendant.
_____

        The defendant, Luther Dixon ("Dixon"), is charged in three counts with narcotics offenses. Those offenses relate to the vehicle stop and arrest of Dixon by members of the Rochester Police Department on February 1, 2009.

        The Court referred pretrial matters to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). Defendant duly moved to suppress narcotics evidence seized from Dixon's vehicle on the day of arrest, February 1, 2009, and several days later on February 6, 2009 pursuant to a search warrant issued by a Rochester City Court Judge.

        The Magistrate Judge conducted a lengthy suppression hearing at which several members of the Rochester Police Department testified. Dixon did not testify and presented no other evidence.

        After the parties submitted legal memoranda, Magistrate Judge Feldman issued a thorough

Report and Recommendation (Dkt. #30). In that Report, the Magistrate Judge recommended that Dixon's motions to suppress physical evidence be denied.

Dixon timely filed objections to that Report and Recommendation. The transcript of the suppression hearing has been prepared for my review, and I have considered not only the Magistrate Judge's Report and Recommendation but also the objections filed by the defendant.

I accept and adopt Magistrate Judge Feldman's Report and Recommendation and I see no reason to modify, amend or reject that Report and Recommendation.

I agree with Magistrate Judge Feldman that there were several independent bases to justify the search of Dixon's vehicle on February 1, 2009. The Magistrate Judge discussed the recent United States Supreme Court case, *Arizona v. Gant,* 556 U.S. \_\_\_\_, 129 S. Ct. 1710 (2009), and I believe his analysis is correct that under authority of that decision, the police action here was proper. Magistrate Judge Feldman also suggested two other alternative bases for the initial search of the vehicle, the first being the so-called automobile exception and, the second, based on the anticipated impoundment of the vehicle. I agree that these alternative bases also justified the officers in searching the area of the vehicle for narcotics. Based on all the information known to the officers, both prior to the stop of the vehicle and based on the readily apparent observations at the time the vehicle was stopped, including defendant's statement that he had just finished smoking marijuana, the officers were certainly reasonable in seizing Dixon, removing him from the car and searching the area close to where he had just been removed.

CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. # 30) of United States Magistrate Judge Jonathan W. Feldman.

Based on that Report, defendant's motions to suppress evidence seized on February 1 and February 6, 2009, are in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 10, 2010.