**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

        Plaintiff,                            REPORT AND
                                                 RECOMMENDATION
    v.                                                 09-CR-6046

**LUTHER DIXON,**

        Defendant.

---

<u>**Preliminary Statement**</u>

Defendant Luther Dixon is charged in a three count indictment with various federal criminal offenses involving the distribution of cocaine, including (1) possession with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (2) unlawful possession of five grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 844(a), and (3) intentionally and unlawfully possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

This Court previously heard and determined defendant Dixon's motion to suppress evidence (Docket # 11). (Docket # 30). However, the Court inadvertently did not address Dixon's motion to dismiss the indictment based on an alleged due process

violation. See Affirmation of Robert G. Smith, Esq. annexed to Docket # 11 at ¶¶ 6-14. This Report and Recommendation will address the motion to dismiss.

**Relevant Facts**

Dixon contends that his prosecution violates his due process rights because it is based on evidence that the government knows was "planted by a vindictive girlfriend." Id. at ¶ 7.

On February 1, 2009 at approximately 2:57 A.M., the RPD received a telephone call from an individual who identified herself as Maranda Triplett. Triplett told the RPD that defendant Dixon was driving a white minivan bearing New York State registration number ELS-8369 containing controlled substances and firearms. Approximately five to ten minutes after receiving Triplett's phone call, RPD Officer Tim Campe stopped a white minivan bearing New York State registration number ELS-8369 on grounds that the vehicle had broken/insufficient tail lamps. The officer approached the vehicle and made contact with the driver, who identified himself as Luther Dixon. Upon approaching the vehicle, Campe smelled a strong odor of marijuana and questioned Dixon regarding the smell of marijuana. Dixon informed him that he had just finished smoking a marijuana blunt. Campe had Dixon exit his vehicle and placed him in the backseat of his police car. A backup police officer, Officer David

Pearson, soon arrived on the scene. While Dixon was secured in the police vehicle, Officers Campe and Pearson searched Dixon's minivan. In plain view in a cup holder on the floor of the mini van was a marijuana cigarette. The officers also observed that the cup holder in the center console was loose and moveable. The officers searched the vehicle, including underneath the center console, and found a brown paper bag which contained glassine, sandwich and zip lock bags containing white powder and rock-like substances which the officers believed to be powder cocaine and cocaine base. The items in the brown paper bag were field tested and received a positive result for cocaine. The officers also searched defendant Dixon and found approximately $800.00 cash on his person.

Dixon alleges, and the government does not dispute, that subsequent to the defendant's arrest Ms. Triplett informed defense counsel and the government that she planted the drugs in Dixon's minivan and called 911 because she was upset that Dixon was not paying sufficient attention to her and her child. Ms. Triplett was interviewed by law enforcement agents and a report detailing the interview was prepared. See Exhibit "C" annexed to Docket # 11. The government has disclosed the interview report to defense counsel. Based on Ms. Triplett's "confession", Dixon argues that his continued prosecution violated due process.

The government, while acknowledging Ms. Triplett's confession to planting the drugs in the minivan, has apparently determined that Ms. Triplett is lying. According to the government, "Maranda Triplett has every incentive to inculpate herself in order to help the defendant. She is the defendant's girlfriend. The defendant's criminal history will undoubtedly subject him to harsher sentences if [it is] he [who] is convicted of these offenses." See Government's Response to Defendant's Omnibus Motion (Docket # 12) at p. 6. To the Court's knowledge, despite the government's apparent belief that she lied to law enforcement, Ms. Triplett has not been charged with any offense.

**Discussion**

"[D]ismissal of an indictment is justified to achieve either of two objectives: to eliminate prejudice to a defendant; or, pursuant to our supervisory power, to prevent prosecutorial impairment of the grand jury's independent role." United States v. Hogan, 712 F.2d 757, 761 (2d Cir. 1983). Dismissal is "the most drastic remedy," and thus is rarely used. United States v. Romano, 706 F.2d 370, 374 (2d Cir. 1983).

Here, the Court agrees with the government that the fact that Ms. Triplett has now confessed to planting the drugs in the minivan does not, in and of itself, amount to a cognizable due process violation requiring dismissal of the indictment.

Assuming the government has a good faith basis to believe that Ms. Triplett has falsely confessed and the cocaine found in the minivan can be legally attributed to Dixon, it has not run afoul of its due process obligations.  Nevertheless, the possibility exists that Triplett is telling the truth.  Indeed, her decision to meet with law enforcement agents and inculpate herself in possessing cocaine and planting it in a vehicle knowing the potential criminal consequences of such a confession is not easily ignored, nor can it be summarily dismissed as simply "taking the fall" for her boyfriend.  It is worth repeating the Supreme Court's oft-quoted admonition that the interest of the government "in a criminal prosecution is not that it shall win a case, but that justice shall be done."  Berger v. United States, 295 U.S. 78, 88 (1935).  At this point, the Court finds nothing to indicate the government has not and will not continue to zealously search for the truth as to whether Dixon or Triplett is responsible for the cocaine found in the minivan.

## Conclusion

For the foregoing reasons, it is my Report and Recommendation that defendant's motions to dismiss the indictment (Docket # 11) be **denied.**

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

Dated:     October 18, 2010
           Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).[2]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Government and the Defendant.
**SO ORDERED.**

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated: October 18, 2010
Rochester, New York

---

[2] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(f) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. <u>United States v. Andress</u>, 943 F.2d 622 (6th Cir. 1991); <u>United States v. Long</u>, 900 F.2d 1270 (8th Cir. 1990).