UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                   Plaintiff,

                                                        DECISION AND ORDER

                                                        09-CR-6046L

                    v.

LUTHER DIXON,

                                   Defendant.
_____


         This Court referred all pretrial motions in this criminal case to United States Magistrate

Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b).  The present matter involves the

defendant's motion to dismiss the pending indictment based on an alleged due process violation.

Magistrate Judge Feldman issued a Report and Recommendation (Dkt. #45) recommending that the

motion to dismiss the indictment be denied.  The defendant duly filed objections (Dkt. #47) to the

Magistrate Judge's Report and Recommendation and, therefore, the case is now before this Court

for review.

         The defendant was arrested on February 1, 2009, driving a white minivan.  His vehicle was

stopped, and eventually the vehicle was searched and a quantity of drugs and money was found.

Dixon was arrested and now stands indicted on drug charges.

As Magistrate Judge Feldman notes in his Report and Recommendation, after defendant's arrest a female, Maranda Triplett, who is apparently the defendant's girlfriend, contacted Government agents and told them that she was the one who had possessed the drugs and placed them in Dixon's motor vehicle. The essence of the defendant's present motion is that the Government should dismiss this indictment because of Ms. Triplett's present statement that she was the person who possessed the drugs and not Dixon. The Government opposes the motion arguing that Triplett has ample modification to fabricate her story to exculpate the defendant.

The Magistrate Judge issued a thorough Report and Recommendation and discussed all the facts and the law relating to dismissal of indictments at this stage of the proceeding. I agree with Magistrate Judge Feldman that there is no basis now to dismiss this indictment. What the defense essentially wants this Court to do is to accept Ms. Triplett's version and reject contrary inferences that could be raised, on the Government's behalf, based on the defendant's possession of the drugs on the night in question and other evidence that may relate to his involvement. This Court is not willing to accept the proposition that the Government now believes Triplett but insists on prosecuting the defendant anyway. The Government's position, which is not an unreasonable one, is that Triplett should not be believed. But, these contentions are best presented to a jury whose members can assess the evidence, examine the credibility of Ms. Triplett and any other witness who testifies. It may be that Ms. Triplett's testimony is such as to raise a reasonable doubt about defendant's guilt, but it may not. It is certainly not a unique or extraordinary situation where friends or family might take action and testify favorably for the accused to exculpate him.

CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman. I see no reason to modify, alter or reverse its recommendation. Defendant's motion to dismiss the indictment based on an alleged due process violation (Dkt. #11) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 9, 2010.