UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                               DECISION AND ORDER

                                                                                 09-CR-6046L
                                                                                 13-CV-6513L

                v.

LUTHER DIXON,

                              Defendant.
_____

       Defendant Luther Dixon ("Dixon") was convicted after trial for possession with intent to distribute cocaine base and powder cocaine. This Court imposed a sentence below that suggested in the United Sentencing Guidelines ("Guidelines") to 132 months imprisonment.

       Dixon, with the assistance of counsel, appealed the conviction but it was affirmed by the Second Circuit by Summary Order on February 6, 2013.

       Dixon then filed, *pro se,* a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 contending that his counsel provided ineffective assistance of counsel. The Government filed a detailed Response (Dkt. #126) and Dixon replied to that (Dkt. #127). For many of the reasons advanced in the Government's thorough Response, Dixon's motion to vacate is in all respects denied.

In *Strickland v. Washington,* 466 U.S. 668 (1984) the United States Supreme Court established a two-part test for prosecuting a claim of ineffective assistance of counsel. This is a difficult test since the defendant must demonstrate that his attorney's performance was deficient as measured against an objective standard and must also demonstrate that his counsel's performance was prejudicial to his case. Based on my review of the record and my familiarity with the case at trial, I believe that Dixon cannot meet either prong of the *Strickland* test.

There is, of course, a strong presumption that defense counsel's conduct fell within the range of reasonable professional assistance. Questions of strategy do not constitute ineffective assistance.

In this case, Dixon cannot establish any deficient performance by his lawyer. Dixon's experienced trial counsel represented his interests, cross-examined the Government's witnesses and effectively argued in summation for acquittal. Dixon was able to produce a witness, his girlfriend Ms. Triplett, who claimed before the jury that she was the one who placed the drugs in the vehicle in which Dixon was arrested after a traffic stop. That testimony was undermined in several respects but, ultimately, the issue as to the credibility of the witness was for the jury, and by its verdict, the jury did not accept that testimony.

Dixon cannot prove prejudice under the *Strickland* test for several reasons. As the Second Circuit noted in its decision affirming the conviction, the Government's case was strong. The matters raised here by Dixon, in this motion, paleby comparison.

Defendant Dixon claims that his counsel should have argued for a sentence reduction based on the 18 to 1 ratio between cocaine base and cocaine. But, as the Government points out, based on Dixon's prior significant record, he was classified as a Career Offender and subject to a term of 262-

327 months. In part through the efforts of Dixon's counsel, the Court imposed a non-Guideline sentence finding that the Career Offender category overstated defendant's record. The ultimate sentence of 132 months was years below the suggested Guidelines sentence. The alleged ineffective-assistance claim relative to sentencing is frivolous.

The issues concerning Dixon's claim of innocence and whether Ms. Triplett was the one who possessed the drugs was all put before the jury and the fact that the jury rejected such a claim does not constitute ineffective assistance of counsel.

Some of the issues raised here were raised directly, or by implication, on direct appeal and a motion under § 2255 is not designed to give a convicted defendant another opportunity to raise arguments that were or could have been raised on direct appeal.

For these reasons, and those set forth in the Government's Response, I find that the motion of Luther Dixon pursuant to § 2255 should be in all respects denied.

## CONCLUSION

Defendant Luther Dixon's motion to vacate pursuant to 28 U.S.C. § 2255 (Dkt. #123) is in all respects denied.

I decline to issue a certificate of appealability because Dixon has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 1, 2014.